sumed to be not executed, but executory, the use and occupation being in futuro. But, whatever the terms of payment of rent may be, the creditor may prove for a proportionate part thereof up to the time of the bankruptcy, as if the same grew due from day to day, and not at the periods fixed by the contract of letting. The provision in regard to rent not yet due, and to proving for a proportionate part of it, with the further provision that no other than the specified debts shall be proved, makes it entirely plain that this debt, as proved, cannot be allowed. Whatever is not provable will not be discharged. The provisions in regard to what debts may be proved are arbitrary, but such provisions do not affect the existence or validity of such debts as are not provable, nor does a discharge release them. If the debt is provable, it comes in for a dividend, and can, unless it is an excepted debt, be discharged. If it is not provable, it does not come in for a dividend, but it will not be discharged.

The words "the time of the bankruptcy" mean the time when the petition was filed, to which time the adjudication relates. The rent to that time has been paid. The objection of the assignee to the proof of debt, as made. is sustained, and the claim set forth in the proof of debt is disallowed.

[For subsequent proceedings in this litigation, see Case No. 9,328.]

---

## Case No. 9,326.

### In re MAY.

[2 Cin. Law Bul. (1877) 152.]

### District Court, S. D. Ohio.

BANKRUPTCY—HOMESTEAD — EXEMPTION — MORTGAGED PROPERTY—PROCEEDS FROM SALE.

1. The head of the family, owning but a single piece of real estate. upon which he resided with his family, but which was mortgaged by himself and wife for more than its value, after condition broken, under the exemption laws of Ohio, is not the owner of a homestead.

2. Such head of family is entitled to hold exempt from execution and sale personal property, to be selected by him, not exceeding in value five hundred dollars.

3. Where all the personal property owned by him at the commencement of the proceedings in bankruptcy was covered by a chattel mortgage, he could make no such selection. and the assignee had no authority to set off the property to him.

4. Under such circumstances. the bankrupt would be entitled to the exemption out of the proceeds of such personal property; and. upon his application, the court would direct its payment by the assignee.

[In the matter of Henry May, a bankrupt.]

E. Devor, for bankrupt.

M. Kary and Howard Douglass, for assignee and general creditors.

SWING, District Judge. This case comes before me upon the application of the bankrupt for the allowance of five hundred dollars in lieu of a homestead. The facts upon which the application is based are as follows: The bankrupt is the head of a family, and, at the time of filing his petition in bankruptcy, was the owner of a house and lot in the town of Piqua, Ohio, and which was then, and now is, occupied by him as the residence of himself and family, and was not the owner of any other real estate. That there are valid mortgages upon said property, in whose execution the wife of the bankrupt joined, and which, the bankrupt claims, amount to more than the value of the property. The personal property of the bankrupt consisted of a stock of drugs, upon which there was a chattel mortgage of one thousand dollars. This property was sold, and realized to the assignee about fifteen hundred dollars after the payment of the mortgage. and which remains in his hands for distribution.

Among other provisions of the bankrupt law [of 1867 (14 Stat. 517)] relating to exemptions is the following: "And such other property not included in the foregoing exceptions as is exempted from levy and sale on execution, or other process or order of any court, by the laws of the state in which the bankrupt has his domicil at the time of the commencement of the proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year eighteen hundred and seventy-one." By the laws of Ohio, the head of each family is entitled to hold exempt from sale on execution a homestead, not exceeding in value the sum of one thousand dollars; and, if he be not the owner of a homestead, he is entitled to hold exempt from execution and sale personal property to be selected by him, not exceeding in value five hundred dollars. It is further provided by the laws of Ohio that when a homestead shall be charged with liens, some of which shall preclude the allowance of a homestead to either the head of a family, or the wife, and others of the liens do not preclude the allowance of such homestead, and a sale of such homestead is had, then, of the proceeds of such sale, after the payment of the liens which preclude the allowance of a homestead, the balance, not exceeding five hundred dollars, shall be awarded in lieu of such homestead.

It is objected that the bankrupt is not entitled to the allowance prayed for, because he is the owner of a homestead. If the bankrupt, within the spirit and meaning of the Ohio law, is the owner of a homestead, the allowance must be refused. In a general sense, the bankrupt may be said to be the owner of a homestead; he is in the possession of a house and lot. and holds a deed therefor; but he has executed mortgages upon it for a greater amount than the value thereof, and these mortgages are overdue.

The doctrine of the supreme court of Ohio is, that as between the parties to a mortgage and those claiming under them, the legal

title to the mortgaged premises, is vested in the mortgagee. Rands v. Kendall, 15 Ohio, 671; Allen v. Everly, 24 Ohio St. 97. And this is in accordance with the decision of the supreme court of the United States in the case of Probst v. Beach, 10 Wall. [77 U. S.] 519. It can make no difference that the mortgagee held the legal title for the mortgagor. He could not be divested of it until payment in full of the amount due upon the mortgage, and he could commence proceedings at once to obtain possession of the premises. Giving to these laws that liberal construction to which exemption laws are entitled, I am of the opinion that the bankrupt was not the owner of a homestead within their spirit and meaning.

It is further objected that the exemption in lieu of a homestead can only exist as to personal property, and that to be selected by the bankrupt; that no demand was made by him before the sale of the property; and that there is now no personal property belonging to the estate which can be selected. It must be kept in mind that the entire personal property from which a selection could have been made had been mortgaged by the bankrupt, and as against the mortgagee he had no right to exemption. Although the amount of the mortgage was less than the value of the property, its lien and title extended to each and every part thereof, and even if demand had been made, the assignee had no right to permit him to take any portion thereof, or to set off to him any part of it. To have required of him, therefore, to have made a demand upon the assignee for this exemption, would have been requiring of him what the law never does, to do a vain thing. It was the duty of the assignee to proceed and sell the property, and pay the amount of the mortgage upon it, and distribute the balance according to law under the order of the court. This he is ready to do, and I think the bankrupt is entitled to receive from the fund in lieu of a homestead the sum of five hundred dollars.

It having been suggested that the mortgaged property might bring more than the amount of mortgage liens thereon, the order is suspended until that fact shall be ascertained.

## Case No. 9,327.

### In re MAY et al.

### Ex parte MASSACHUSETTS HOSPITAL LIFE INS. CO.

### [17 N. B. R. 192.] [1]

District Court, D. Massachusetts. Feb. 6, 1878.

BANKRUPTCY — PARTNERSHIP — JOINT AND SEPARATE CREDITORS—PRINCIPAL AND SURETY —EQUITABLE RIGHTS.

1. Where the individual property of one of the members of a firm is pledged for a debt of the firm, the creditor may, and indeed is bound to prove at the request of the separate creditors, his whole debt without deduction against the joint assets; but can only prove the deficiency, after disposing of the security, against the separate assets of such partner.

2. Evidence is always admissible between principal and surety to show what their equitable rights towards each other are.

This case came up on the certificate of the register, the parties agreeing that the facts were truly set forth in the affidavit of the actuary of the Life Insurance Company in support of the proof. The company lent sixty thousand dollars upon this note:

"No. 5724. $60,000. Boston, July 10, 1875. For value received we promise to pay to the Massachusetts Hospital Life Insurance Company, or order, in Boston, the sum of ——Sixty thousand dollars—— in three years, with interest to be paid half yearly at the office of the said company in Boston, at the rate of six and one half per cent. per annum until this note is paid in full. (Signed) May & Co., John J. May."

At the foot is the memorandum:

"Secured by mortgage of real estate in Boston on Pleasant & Pond Sts., Dorchester Av., & Romsey, Ct., duly recorded with Suffolk Deeds."

John J. May was a member of the firm of May & Company, and the money was borrowed for and used by the firm; but the land mortgaged was the separate property of John J. May. The question certified was whether the amount of the note could be proved against the joint assets, without deduction.

L. S. Dabney, for Life Ins. Co.

D. McClure, for an objecting creditor.

LOWELL, District Judge. I have been asked to revise the decision given in Re Holbrook [Case No. 6,588]. The argument has been ably presented, but the law is too well settled to be changed. Our statute has borrowed and put into the act itself the practice of the courts of bankruptcy, by which a creditor having security upon the bankrupt's estate is to give credit for its value before proving his debt. There was no such general rule in equity in England, and in settling the estates of insolvents deceased, or in winding up insolvent corporations, or limited companies as they are called in England, a secured creditor could prove for his whole debt and retain his security besides, until he received full payment. By a late statute the proceedings in winding up cases are put on the footing of bankruptcy in this respect. In this country the rule in bankruptcy has been adopted in some of the states, and in others rejected, when no statute governed the point. But whenever there has been a statute upon the subject, it has followed the practice in bankruptcy, so far as I am informed.

The insolvent law of Massachusetts contained a provision very much like that in our present statute, and, under it, the courts held that where two or more persons had given

[1] [Reprinted by permission.]